UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

UNITED STATES OF AMERICA,

-v-

JOSE MARTINEZ-DIAZ,

Defendant.

-----------------------------------------------------------------------X

16-CR-387 (JMF)

MEMORANDUM OPINION AND ORDER

JESSE M. FURMAN, United States District Judge:

Defendant Jose Martinez-Diaz was convicted, following a guilty plea, of racketeering conspiracy and sentenced, in December 2021, principally to 240 months' imprisonment, the statutory maximum term of imprisonment. *See* ECF No. 594 ("Sent. Tr."), at 6-7, 19-21. At sentencing, the Court found that Martinez-Diaz was a founding and leading member of La Organización de Narcotraficantes Unidos ("La ONU"), a "vicious and violent" drug-trafficking organization that engaged in "countless acts of violence and murder," and was personally responsible for, among other things, "trafficking approximately five tons of cocaine" and two attempted murders, one involving payment to a corrupt police officer. Sent. Tr. 19-20. The Court acknowledged certain mitigating circumstances, including Martinez-Diaz's medical condition, but concluded that those circumstances were incorporated into the lenient plea deal Martinez-Diaz had been given and did not justify a lower sentence. *See id.* at 18-19.

Proceeding without counsel, Martinez-Diaz now moves, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), for a reduction of his sentence — also known as "compassionate release." *See* ECF No. 958 ("Motion"). As relevant here, Section 3582 provides that the Court "may reduce" a defendant's term of imprisonment "if it finds" (1) "that . . . extraordinary and

compelling reasons warrant such a reduction" *and* (2) "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" and the sentencing factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A)(i)-(ii); *see also Rutherford v. United States*, 146 S. Ct. 1320, 1333 (2026).[1] As the Supreme Court has explained, "[t]he gatekeeping requirement" — that there are "extraordinary and compelling reasons" for a reduction — helps ensure that the movant is a member of the "'limited class of prisoners' who are 'eligibl[e]' for such a reduction." *Rutherford*, 146 S. Ct. at 1333 (citing *Dillon v. United States*, 560 U.S. 817, 825 (2010)). It is "not . . . a free-for-all. It is a distinct analytical step that imposes independent and ascertainable limits on access to compassionate release." *Id.*

More specifically, the Supreme Court has held that "'extraordinary and compelling' reasons are those that are especially unusual and convincing." *Rutherford*, 146 S. Ct. at 1330. An "extraordinary" reason is one that is "'most unusual,' 'far from common,' and 'ha[s] little or no precedent,'" while a "compelling" reason is one "tending to convince or convert by or as if by forcefulness of evidence." *Id.* (cleaned up); *accord Fernandez v. United States*, 146 S. Ct. 1292, 1302 (2026). While these terms "leave room for judgment, they are not so flexible as to encompass any consideration." *Rutherford*, 146 S. Ct. at 1332. Furthermore, "the meaning depends on context: A reason is 'extraordinary' and 'compelling' only if it is sufficiently unusual and convincing to 'warrant' compassionate release." *Id.*

Measured against these standards, Martinez-Diaz's motion falls short, substantially for the reasons stated by the Government in its opposition. *See* ECF No. 960 ("Gov't Opp'n"), at 5-8. For starters, Martinez-Diaz's arguments — even taken together — do not rise to the level of

---

[1] Where, as here, a defendant himself moves for compassionate release, the statute also imposes a mandatory exhaustion requirement. *See* 18 U.S.C. § 3582(c)(1)(A). Martinez-Diaz has satisfied it. *See* ECF No. 960 ("Gov't Opp'n), at 5.

"extraordinary and compelling reasons" within the meaning of the statute. Martinez-Diaz principally points to his medical condition. *See* Motion 2-17, 19-20. But the Court factored Martinez-Diaz's medical condition into its sentence in the first place. *See* Sent. Tr. 18-19;*Fernandez*, 146 S. Ct. at 1307 (Sotomayor, J., concurring in the judgment) ("A motion for compassionate release cannot justify a reduced sentence if it relies solely on facts a court already considered in imposing the initial sentence, rather than any changed circumstances that developed after sentencing."). Moreover, to constitute an "extraordinary and compelling reason" for a sentencing reduction, a medical condition must (A) be "a terminal illness (*i.e.*, a serious and advanced illness with an end-of-life trajectory)"; (B) be a "serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; or (C) "require[ ] long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(A)-(C). Martinez-Diaz does not meet these requirements. To the contrary, the conditions that he identifies, while not trivial, are the sort that can be "adequately managed through medication and treatment at the defendant's facility, which is a medical center." Gov't Opp'n 6 (redacted); *see also* Gov't Opp'n Exh. (sealed). To the extent that Martinez-Diaz believes he is not getting adequate care, the proper remedy is to utilize the Bureau of Prisons grievance process and to bring a conditions-of-confinement suit in the district of confinement — which he has done, *see* ECF No. 961 at 2 — not to seek a sentence reduction.

In any event, even if Martinez-Diaz could demonstrate "extraordinary and compelling reasons," the Court concludes that a reduction would not be "consistent with" the Section 3553(a) factors. *See, e.g.*, *United States v. Jones*, 17 F.4th 371, 374 & n.3 (2d Cir. 2021)

(noting that "a district court's reasonable evaluation of the Section 3553(a) factors is an alternative and independent basis for denial of compassionate release" (internal quotation marks omitted) (citing cases)). Just five years ago, the Court carefully considered the Section 3553(a) factors and reasoned that they called for the 240-month sentence imposed. As noted, the Court was well aware at sentencing that Martinez-Diaz suffered from serious medical conditions and that the Bureau of Prisons had, at times, provided inadequate care. *See* Sent. Tr. 12-13, 18. Indeed, the Court expressly treated Martinez-Diaz's health and Bureau of Prisons's handling of his medical needs as mitigating considerations. *See id.* at 20-21. Nevertheless, given the extraordinary seriousness and violence of his conduct, the Court concluded that a sentence of 240 months was necessary. *See id.* The Court's reasoning "still applies with full force today." *United States v. Saleh*, No. 93-CR-181 (LAP), 2023 WL 158444, at *5 (S.D.N.Y. Jan. 10, 2023).

For the foregoing reasons, Martinez-Diaz's motion for a sentence reduction is DENIED. The Clerk of Court is directed to terminate ECF No. 958 and to mail a copy of this Memorandum Opinion and Order to:

Jose Martinez-Diaz
Register No. 52876-069
Federal Medical Center
P.O. Box 14500
Lexington, KY 40511

SO ORDERED.

Dated: September 16, 2026
New York, New York

JESSE M. FURMAN
United States District Judge